POWERS *et al.* v. VAN DYKE *et al.*

No. 353.    Opinion Filed July 12, 1910.

(111 Pac. 939.)

**CHAMPERTY AND MAINTENANCE—Grant of Land Held Adversely.**
St. Okla. 1893, sec. 2026 (Wilson's Rev. & Ann. St. 1903, sec. 2112; Comp. Laws 1909, sec. 2215), making a misdemeanor the buying or selling of any pretended right or title to land where the grantor or those by whom he claims have not been in possession or taken the rents and profits thereof for the space of one year before such conveyance, is declaratory of the common law, and a conveyance of land made in contravention thereof by the rightful owner, as against the person holding adversely, is void.

Kane, J., dissenting.

(Syllabus by the Court.)

*Error from District Court, Greer County; C. F. Irwin, Judge.*

Action by James A. Powers and others against B. F. Van Dyke and others. Judgment for defendants, and plaintiffs bring error. Affirmed.

*G. A. Brown,* for plaintiffs in error.
*S. B. Garrett* and *B. F. Van Dyke,* for defendants in error.
No briefs reached the reporter.

TURNER, J.. On February 16, 1906, J. A. Powers and A. H. Brown, plaintiffs in error, plaintiffs below, sued B. F. Van Dyke, Rose Monlinari, and James A. Maxey, defendants in error, defendants below, in the district court of Greer county, in ejectment to recover possession of the S. W. 1/4 of section 21 in township 5 N. of range 20 W. of the Indian Meridian, containing 160 acres, and lots 4 and 5, S. W. 1/4 of the N. E. and the N. W. 1/4 of the S. E. 1/4 of section 21, township 5 N. of range 20 W. of the Indian Meridian, containing 143.05 acres, and for the mesne profits. They deraigned their title (1) to the first tract, by patent from the United States to George W. Benton, dated April 18, 1902, duly recorded; (2) to the second tract, by patent from the United States to George W. Benton, dated July 18, 1903, duly recorded; (3) by deed of conveyance from George W. Benton, a single man, to James A. Powers, dated December 21, 1905, to an undivided one-half interest in and to all of said lands, duly recorded; (4) by deed of conveyance from Geo. W. Benton to A. H. Brown, dated January 19, 1906, to the remaining undivided one-half interest in and to all of said lands, duly recorded. Defendant James A. Maxey, after disclaiming, was dropped from the suit. In defense of the action, B. F. Van Dyke and Rose Monlinari claimed title to said lands by deed, dated December 22, 1902, from the sheriff of Greer county made, executed, and delivered pursuant to a sale of said land by him on November 29, 1902, under and by virtue of two executions issued out of the district court of said county; one on a money judgment in favor of D. M. Paulk against said Benton, the other on a

money judgment in favor of William Forbes against said Benton, which had been levied on said land and the same sold to satisfy said judgments. And pleaded and proved more than three years' adverse possession thereunder, and that, prior to the date of the deed from Benton to Powers and Brown, said Benton and those under whom he claimed had not been in possession of said land nor the reversion and remainder thereof, and had not taken the rent therefrom or the profits thereof for the space of more than a year next before the execution and delivery of said deeds; because of which they say said deeds were acts of maintenance and void as to them. There was trial to the court disclosing said facts, and judgment for defendants, and plaintiffs bring the case here.

That such were acts of maintenance at common law there is no doubt. In *Den v. Geiger*. 9 N. J. Law, 235, the court said:

"In the Year Book, 27 Hen. 8, page 23, B. 1, Fitzherbert, Justice, is reported to have said: 'The statute 1 Rich. 2, c. 1, is that feoffments made by maintenance to great men shall be void; but in such cases it is a good feoffment between the feoffor and feoffee, but as to strangers the feoffment is void.' In *Upron v. Bassett*, Beaumond, Justice, said: 'A feoffment upon maintenance or champerty is not void against the feoffor but against him who hath right.' Cro. Eliz. 445. Feoffments made to great men by maintenance are void by the statute 1 Rich. 2, but it is as to strangers, and not between the feoffor and feoffee. Bro. Abr. tit. 'Feoffment,' 332, pl. 1. Marvin, in his readings, says that by the statute 1 Rich. 2, where a disseisor makes a feoffment by maintenance and takes the profits, the feoffment is void by the statute to all intents; but by Fitz James, Chief Justice, and by Englefield, Justice, and divers others, it is not void between the feoffor and feoffee, but it is void as to a stranger. Bro. Abr. *ibid*, pl. 19."

Chancellor Kent, in reviewing the common-law doctrine (4 Kent's Comm. 436), said:

"There is one check to the power of alienation of a right or interest in land, taken from the statute of 32 Hen. VIII, c. 9, against selling pretended titles; and a pretended title, within the purview of the common law, is where one person lays claim to land of which another is in possession, holding adversely to the claim. Every grant of land, except as a release, is void as an act of main-

tenance, if at the time the lands are in the actual possession of another person, claiming under a title adverse to that of the grantor."

Declaratory of the common law as it then existed, the Statute of 32 Hen. 8, c. 9, provided:

" * .* * That no person shall bargain or sell or by any means obtain any pretended rights or titles, or take, promise, grant, or covenant to have any right or title to any hereditaments, unless the seller, his ancestors, or they from whom he claims have been in possession of the same, or the reversion or remainder thereof, or have taken the rents or profits thereof, for one whole year next before the bargain and sale, on pain that such seller shall forfeit the whole value of the hereditaments sold; and the buyer or taker, knowing the same. shall forfeit the value of the hereditaments so by him bought or taken, one-half of the said forfeiture to be to the king, and the other to him who will sue for the same." .

Also declaratory of the common law, and affecting only the penalty, St. Okla. 1893, § 2026 (Wilson's Rev. & Ann. St. Okla. § 2112, and Comp. Laws Okla. 1909, § 2215), provides:

"Every person who buys or sells, or in any manner procures, or makes or takes any promise or covenant to convey any pretended right to any lands or tenements, unless the grantor thereof, or the person making such promise or covenant has been in possession, or he and those by whom he claims have been in possession of the same, or of the reversion and remainder thereof, or have taken the rents and profits thereof for the space of one year before such grant, conveyance, sale, promise or covenant made, is guilty of a misdemeanor."

By all of which it will be seen that the common law with reference to the purchase of pretended titles is in full force in this jurisdiction by virtue of said statute declaratory thereof. *Huston v. Scott,* 20 Okla. 142, 94 Pac. 512.

The doctrine that a conveyance by a party out of possession of lands held adversely to him is void prevails in England, Canada, Kentucky, New York, South Dakota, North Dakota, Tennessee, Alabama, Florida, Indiana, North Carolina, and other states. Rev. St. N. Y. 1901, p. 407, § 2, is substantially the same as the section of our statute *supra. Crary v. Goodman,* 22 N. Y. 170,

states the purpose of the statute to be to prevent the transfer of disputed titles and compel their settlement between the original parties. Where the doctrine prevails, deeds, executed in violation thereof, are, without exception, held to be void as between the grantor and those holding adversely and their successors. Such seems to be the general holding of the courts, in line with which is *Huston v. Scott et al.*, 20 Okla. 142, 94 Pac. 512, and cases there cited.

*Galbraith v. Payne et al.*, 12 N. D. 164, 96 N. W. 258, was ejectment to recover 160 acres of land. Plaintiff deraigned his title by patent from the United States to Frank A. Willson, dated March 22, 1886; a quitclaim deed from said Willson to the St. Paul Harvester Company dated May 8, 1900; and a quitclaim deed from said company to plaintiff dated April 25, 1901—all duly recorded. Defendant claimed title to said land under two tax deeds executed by the county auditor of the county where the land lay; one in 1894 upon a sale of the premises for the taxes of 1889; the other in 1895 upon a sale for the tax of 1890—and adverse possession of the premises since May 7, 1898. The trial court found for plaintiff, and that he was the owner of the property, and that defendant's tax deeds were void. On appeal it was contended that plaintiff had failed to established his title; that Willson's deed to the harvester company and the latter's deed to plaintiff were void as to defendant as acts of maintenance. The court, in construing a statute identical to ours, *supra*, said:

"This contention must be sustained. It is agreed that neither Willson nor the St. Paul Harvester Company were in possession of the premises, or took the rents and profits thereof, during the year preceding the execution of their deeds. In fact, the St. Paul Harvester Company, the plaintiff's grantor, never was in possession. On the other hand, the defendant Payne was in possession three years before the deed to plaintiff was executed, and two years before the Willson deed was executed, claiming title under his tax deeds. Further, he received the rents and profits of the premises during all of that period. Upon this state of facts under the law of this state, both deeds must be held void as to the defendant. The common law doctrine, which condemns as

void conveyances of real estate when title is in suit, or when. the vendor has not been in possession or taken rents for the space of a year prior to the conveyance, as acts of champerty and mainteannce, has not been abolished in this state, but, on the contrary, is perpetuated by express statute"

—and reversed and dismissed the case. Construing this same statute, such, in effect, is the holding of this court in *Huston v. Scott, supra,* to which opinion we adhere.

There is nothing in plaintiff's contention that the sheriff's deeds under which defendant claims title are void, for the reason that, assuming, but not deciding, such to be the case, they are sufficient color of title under which to claim their adverse holding, if color of title be required. Neither is there anything in the contention that, "by a careful reading of said section, it will be seen that, where land is sold under either of the following conditions, such sale does not come within the prohibitory terms thereof, viz.: First. Where the grantor, or he and those under whom he claims, have been in possession of the lands conveyed. Second. Where the right of reversion or remainder to the lands sold has been in the grantor or in those under whom he claims" —for the reason that, although said statute has been in force several hundred years. and has been construed numberless times, it has never, to our knowledge, received such a construction, and no case is cited in support thereof.

Finding no error, the judgment of the trial court is affirmed.

DUNN, C. J., and HAYES and WILLIAMS, JJ., concur; KANE, J., dissents.