## LARNEY *et al.* v. ALDRIDGE.

No. 1500.    Opinion Filed March 12, 1912.

(121 Pac. 151.)

1.  **CHAMPERTY AND MAINTENANCE—Conveyance of Land Held Adversely.**  A conveyance of land made in contravention of sections 2214 and 2215, Comp. Laws 1909, is void as against persons holding adversely, either by themselves or tenants, and claiming to be owners of the land under color of title.

2.  **LANDLORD AND TENANT—Disputing Landlord's Title.**  A tenant, while remaining in possession, even after the expiration of his term, is precluded, on the doctrine of estoppel, from either setting up an adverse title to defeat an action of ejectment, or without first surrendering possession, making a contest with his landlord over the title held by him at the time of securing the right of entry.

(Syllabus by the Court.)

*Error from District Court, Seminole County;*
*Robert M. Rainey, Judge.*

Action by Mose Larney and others against Reuben I. Aldridge.  Judgment for defendant, and plaintiffs bring error.  Reversed and remanded, with instructions.

*J. A. Baker* and *Winston T. Banks,* for plaintiffs in error.

*Crump, Rogers & Harris,* for defendant in error.

DUNN, J.  This case presents error from the district court of Seminole county.  March 20, 1908, plaintiffs, Seminole Indians, filed their petition in ejectment in the said court.  Mose Larney, one of the plaintiffs, for himself and as guardian of his two minor children born to him and his wife, afterwards divorced and now deceased, seek to recover possession of the land involved, which was the allotment of the said deceased wife, from

Reuben I. Aldridge, who claims the same under and by virtue of a deed executed to him by one Willie Mitchell, to whom, after her divorce from Mose Larney, she was married. Mose Larney and the said Willie Mitchell both claim the right of curtesy in and to the land; the former contending that the wife was not divorced from him, and hence was not married to the said Mitchell. The children claim the land as heirs of their deceased mother.

The petition of plaintiff, as we have seen, was filed on March 20, 1908; issue was joined thereon by answer of the defendant, consisting of a general denial, filed February 4, 1909. Thereafter, and on the 4th of September, 1909, it appears the defendant secured from the said Willie Mitchell a warranty deed embracing the land involved, and on December 22, 1909, his counsel filed another answer, which consists of a general denial, and in which it is alleged that defendant was the owner of and entitled to the possession of the land described. On the trial, this deed was held valid, and, over the objection of plaintiffs, was admitted in evidence, and this is alleged to be error, for the reason, among others, that the grantor had no interest in the land to convey; second, that he never had been in possession of the same, and that the lands were the subject of suit; and, third, that the grantee, the defendant in this action, was in possession of the lands as tenant of plaintiffs, and that, without surrendering his possession to his landlords, he could not contest their title in and to the land. Assuming that the divorce and remarriage were legal, and that curtesy attached, and that the deed was admissible under the answer filed, in our judgment, it was not a good defense, available to the defendant in this action, for two of the reasons assigned by counsel: First, the execution, delivery, and acceptance of the said deed was in violation of sections 2214 and 2215, Comp. Laws 1909, as construed by this court in the cases of *Huston v. Scott et al.,* 20 Okla. 142, 94 Pac. 512, 35 L. R. A. (N. S.) 721, and *Powers v. Van Dyke,* 29 Okla. 398, 117 Pac. 797; and that the defendant herein was in possession of the land by virtue of having leased the same from the plaintiffs. That a tenant cannot be heard to dispute his landlord's title is a rule too well recognized to be the subject of further controversy. Jones on Land-

lord and Tenant, secs. 554, 688, 689; Underhill on Landlord and Tenant, secs. 551, 552; Taylor on Landlord and Tenant, sec. 507; *Showalter v. Ryles,* 22 Okla. 329, 97 Pac. 569; *Standifer v. Morris et al.,* 25 Okla. 802, 108 Pac. 413; *Zahn v. Obert,* 24 Okla. 159, 103 Pac. 702; *Wallbrecht et al. v. Blush et al.,* 43 Colo. 329, 95 Pac. 927. The general doctrine being that a tenant, while remaining in possession, even after the expiration of his term, is precluded, on the doctrine of estoppel, from either setting up an adverse title to defeat an action of ejectment, or, without first surrendering possession, making a contest with his landlord over the title held by him at the time of securing the right of entry.

For the foregoing reasons, the judgment of the trial court is reversed and set aside, and the cause remanded, with instructions to grant plaintiffs a new trial.

All the Justices concur.