## MARTIN v. COX *et al.*

No. 1315.    Opinion Filed March 12, 1912.

(122 Pac. 511.)

1.    **CHAMPERTY AND MAINTENANCE—Conveyance of Land Held
      Adversely.**    St. Okla. 1893, sec. 2026 (Wilson's Rev. & Ann. St.
      1903, sec. 2112; Comp. Laws 1909, sec. 2215), making a misde-
      meanor the buying or selling of any pretended right or title
      to land, where the grantor or those by whom he claims have
      not been in possession or taken the rents and profits thereof for
      the space of one year before such conveyance, is declaratory of
      the common law, and a conveyance of land made in contravention
      thereof by the rightful owner, as against the person holding
      adversely, is void.

2.    **SAME—Deed of Land in Adverse Possession—Color of Title.**    It
      is not essential under the foregoing statute that defendants
      were in adverse possession of the conveyed premises, under color
      of title, at the time of conveyance to plaintiff to render the deed
      void.    It is sufficient if defendant was in possession adversely to
      plaintiff and his grantors.

3.    **ADVERSE POSSESSION—What Constitutes.**    One who, after a
      boundary line is established by the county surveyor as by statute

provided, continues to occupy a disputed strip of land beyond his boundaries, as fixed by said survey, retains the same within his inclosure, cultivates it, receives the profits therefrom, and refuses possession to the real owner holds it adversely to the real owner.

(Syllabus by the Court.)

*Error from District Court, Pawnee County;*
*John Caruthers, Judge.*

Action by Robert J. Martin against Surena Cox and Frances Cox. Judgment for defendants, and plaintiff brings error. Affirmed.

*Eagleton & Biddison,* for plaintiff in error.

*Louis S. Wilson* and *Victor O. Johnson,* for defendants in error.

HAYES, J. This is an action in ejectment. Plaintiff in error was plaintiff below, and will hereinafter be called such. Defendants in error were defendants below, and will therefore be referred to as such. Plaintiff and defendants own, respectively, two adjoining tracts of land. Plaintiff owns the tract on the west side of the common boundary line, and defendants own the tract on the east side thereof. Plaintiff's evidence, to which the trial court sustained a demurrer, consists partly of an agreed statement of facts and partly of parol testimony. It is from the order of the court sustaining a demurrer to his evidence, and rendering judgment dismissing his cause of action, that plaintiff prosecutes this appeal.

Only the facts pertinent to the question presented by this appeal will here be stated. The tract of land now owned by plaintiff was patented by the federal government to one P. Reeder, who, on the 27th day of February, 1900, conveyed a three-fourths interest therein to three certain persons, who thereafter joined said Reeder in a deed conveying the entire tract to the Cimarron Mining & Town-Site Company. This company, on June 24, 1903, conveyed a portion of said tract, including the land in controversy, to the Monarch Investment Company, who thereafter,

on June 22, 1904, conveyed the same to plaintiff herein. The tract owned by defendants was originally patented by the government to defendant Frances Cox. After the conveyance by Reeder on the 27th day of February, 1900, of a three-fourths interest in his tract, he and his grantees gave notice under the statute, and had the county surveyor survey the boundary line between the tract and the tract of defendants. Defendant Frances Cox, who was then the legal owner of the land, not being satisfied with the survey made by the county surveyor, appealed therefrom to the district court. That court ordered the boundary line run anew; but the order required each side to deposit with the clerk for costs the sum of $25, which defendant Frances Cox failed to do; and thereupon the court, on May 4th, 1903, confirmed the survey of the county surveyor. The tract of land in controversy lies west of the boundary line established by the surveyor, and is bounded on the west by a fence row, or what is referred to in the record as the allotment survey or line. It is admitted that at the time of all the conveyances hereinbefore mentioned to have been made by Reeder and his grantees up to December 22, 1902, the land had been occupied by defendant Frances Cox, and thereafter by her grantee and codefendant, Surena Cox; that defendants have at all times aforesaid been in actual possession of the land in controversy, and have received and enjoyed the rents and profits thereof.

The theory upon which the trial court sustained the demurrer to plaintiff's evidence is that plaintiff's grantor, not having been in possession of the lands in controversy, and not having taken and received the rents and profits thereof for the space of one year before the conveyance to plaintiff, said conveyance is void, because in violation of section 2215, Comp. Laws 1909 (section 2026, St. 1893), which reads as follows:

"Every person who buys or sells, or in any manner procures or makes or takes any promise or covenant to convey any pretended right or title to any lands or tenements, unless the grantor thereof or the person making such promise or covenant has been in possession, or he and those by whom he claims have been in possession of the same, or of the reversion and remainder thereof,

or have taken the rents and profits thereof for the space of one year before such grant, conveyance, sale, promise or covenant made, is guilty of a misdemeanor."

Plaintiff first contends that it is determined in *Long Bell Lumber Co. v. Martin,* 11 Okla. 192, 66 Pac. 328, that a conveyance of land made in violation of the foregoing section is not for such reason void; but such is not the effect of the opinion in that case. The foregoing statute was not involved in that case; nor was it construed or referred to in the opinion. Section 2214, Comp. Laws 1909 (section 2111, Wilson's Rev. & Ann. St. 1903) was considered by the judge delivering the opinion, and it is said in the opinion that a deed of conveyance, taken in violation of that section, is not void; but the expression of the judge upon this proposition, as was declared by this court in *Huston v. Scott et al.,* 20 Okla. 142, 94 Pac. 512, 35 L. R. A. (N. S.) 721, is *obiter dictum,* and not binding upon this court. Plaintiff further contends that said conveyance is not void, because it is not shown that defendants, at the time of the execution thereof, were in adverse possession of the lands involved under color of title.

In the first paragraph of the syllabus, in *Huston v. Scott et al., supra,* it is held:

"A conveyance of land made in contravention of the provisions of section 2026, St. Okla. 1893, by the rightful owner is utterly void as against the person holding adversely, claiming to be the owner thereof under color of title; but, as between the parties and all the rest of the world, it is good, and passes the grantor's title."

In that case, defendant was in possession, claiming under color of title by virtue of a tax deed. Whether, if defendant had been in adverse possession without color of title, the deed in that case would have been void was not involved, and was not determined. Nor has this question been presented by the facts in any case subsequently decided. But the effect of this statute is accurately declared in the syllabus in *Powers et al. v. Van Dyke et al.,* 27 Okla. 27, 111 Pac. 939, as follows:

"St. Okla. 1893, sec. 2026 (Wilson's Rev. & Ann. St. 1903, sec. 2112; Comp. Laws 1909, sec. 2215), making a misdemeanor the buying or selling of any pretended right or title to land, where

the grantor or those by whom he claims have not been in possession or taken the rents and profits thereof for the space of one year before such conveyance, is declaratory of the common law, and a conveyance of land made in contravention thereof by the rightful owner, as against the person holding adversely, is void."

There is no language in the statute that expressly makes essential to the crime it defines the existence of adverse possession under color of title. It declares one who buys or sells real estate of which the grantor and those by whom he claims have not been in possession, or taken the rents and profits for the space of one year, commits a misdemeanor; but one may be in possession of lands adverse to the owner thereof without having color of title. *Swift v. Mulkey*, 17 Ore. 532, 21 Pac. 871. Where one enters and takes possession of lands with intention of holding them, and holds them for himself to the exclusion of all others, his possession is adverse. *Carpenter v. Coles*, 75 Minn. 9, 77 N. W. 424; *Murray v. Romine*, 60 Neb. 94, 82 N. W. 318. When such possession is accompanied by facts which appear to vest in the occupant title, but in fact do not, it is an adverse possession with color of title. The only difference in the effect of adverse occupancy under color of title and adverse occupancy without color of title is that in the former case the possession may by construction embrace all the lands included within the boundaries named in the occupant's deed; whereas, in the latter case, it will embrace only so much as is actually occupied by the adverse holder. *Sumner v. Blackslee*, 59 N. H. 242, 47 Am. Rep. 196; *Gildehaus v. Whiting*, 39 Kan. 706, 18 Pac. 916; *Roots v. Beck*, 109 Ind. 472, 9 N. E. 698. It is the occupation with an intent to claim against the true owner which renders the entry and possession adverse. Angell on Limitations, 387. Where one inadvertently, in ignorance of or by mistake as to his boundary line, enters upon and includes within his inclosure lands beyond his boundary, without intent to occupy any other lands than those described in his deeds, and with an intent to hold only to the correct boundary line, he does not by such acts create an adverse possession. *Kahl v. Schmidt*, 107 Iowa, 550, 78 N. W. 204; *Grube v. Wells*, 34 Iowa, 148; *St. Louis University v. McCune*,

28 Mo. 481; *Howard .v. Reedy*, 29 Ga. 152, 74 Am. Dec. 58; *Perkins v. Blood*, 36 Vt. 273. The law deems the owner of the perfect and complete title to be in the legal seisin and possession of the land; and that such possession continues until he is ousted thereof by the actual possession of another under color of title or claiming a right therein (Angell on Limitations, sec 384); and, if one enters upon the lands of another without color of title or claim of right, he will be deemed under the law to hold under the legal owner, and his possession so acquired is not adverse. *Grube v. Wells, supra.*

The possession, therefore, of defendants prior to the establishment of the boundary line by the surveyor may not have been adverse; but since that date they have refused to accept said boundary line, and have claimed the land up to the allotment line or fence; and, despite their knowledge as to the correct boundary line as established by the county surveyor, they have refused to deliver possession of their excess holdings to plaintiff or to his grantors. They have retained within their inclosure the disputed strip, have continued to occupy it, cultivate it, receive the profits therefrom, and to assert their ownership thereof. Since the location of the dividing line, at least, their occupancy has been with intent to claim the land as against the true owner; and since said time their possession has been hostile and adverse to plaintiff and his grantors. *Phelps v. Henry,* 15 Ark. 297; *Hunnewell et al. v. Burchett,* 152 Mo. 611, 54 S. W. 487.

Because plaintiff and his grantors have not been in possession of the disputed premises, and have not taken the rents and profits thereof for the space of one year before the conveyance of plaintiff, said conveyance is void as against defendants, holding said lands adversely; and the judgment of the trial court should be and is affirmed.

TURNER, C. J., and WILLIAMS and KANE, JJ., concur; DUNN, J., absent, and not participating.