## RUBY v. NUNN.

No. 2269. Opinion Filed May 13, 1913.

(132 Pac. 128.)

**INDIANS—Deed—Validity and Effect—Person in Adverse Possession.**
By reason of section 2215, Comp. Laws 1909, a deed conveying real estate, executed by a grantor at the time not in possession of the conveyed premises, is void as between the grantee and a person who was at the time of the conveyance in adverse possession of the conveyed premises; and this rule applies where the grantor is an allottee of the Creek Tribe of Indians, upon whose power to alienate his allotment the restrictions have been removed prior to the time of the execution of the deed, and where the person in possession originally obtained possession and claims title to the conveyed premises by virtue of a void deed executed by the allottee before the removal of restrictions upon his power to alienate his allotted lands.

(Syllabus by Brewer, C.)

*Error from District Court, McIntosh County;*
*Preslie B. Cole, Judge.*

Ejectment by G. R. Ruby against Charles J. Nunn and others. Judgment for defendant Nunn, and plaintiff brings error. Affirmed.

*Chas. F. Runyan,* for plaintiff in error.

*Charles Whitaker,* and *Van Court & Reubelt,* for defendant in error.

Opinion by BREWER, C. This is a suit in ejectment, filed in the district court of McIntosh county on December 23, 1909, by G. R. Ruby, as plaintiff, against Chas. J. Nunn, J. C. Ruby, and W. A. Plummer, as defendants, to recover the W. ½ of the S. E. ¼ and the N. E. ¼ of the S. E. ¼ of section 18, township 11 north, range 17 east, located in McIntosh county, Okla.

The facts necessary to present the question involved are as follows: The land in question is a part of the surplus allotment of Tena Dan, a citizen and member of the Creek Nation or Tribe of Indians. She received patent to the same December 22, 1902. The plaintiff, G. R. Ruby, claims title to the land under a deed from Virgil Cass, dated December 14, 1909; said Cass tracing his title from Tena Dan, the allottee. The defendant Nunn claims the land under a conveyance from the allottee, dated April 22, 1904, to Mary A. Morrow, who on September 27, 1904, conveyed it to him. He also sets up title through another deed from the allottee, dated November 4, 1907, to one Haggard, who on the next day conveyed the same to defendant Nunn. The defendant J. C. Ruby filed a disclaimer of interest, and the defendant Plummer defaulted, and neither of these defendants need be further referred to.

At the trial of the case a jury was waived, and the cause was submitted on the evidence to Hon. Preslie B. Cole, Judge of the District Court, for decision, who made findings of fact, and concluded as a matter of law thereon that the plaintiff was

not entitled to recover, for the reason that the deeds under which plaintiff claims title were void, because in violation of section 2215, Comp. Laws 1909, commonly known as the statute against champerty. The court, among other things, found as a fact, and it is not disputed here, that "Tena Dan [the allottee] has at no time been in the possession of, or received any rents, profits, or other income from, said land since said 22d day of April, 1904." The court, having concluded that the deeds of plaintiff were void as against the defendant in possession, and that therefore a recovery could not be had against such defendant, found it unnecessary to inquire further as to the validity or priority of the various deeds. It appears that the defendant Nunn went into possession of the land in controversy in April, 1904, under deeds from the allottee, and that he continued in exclusive and uninterrupted possession of the same at all the times of the various deeds set out, and that he was in such possession at the time of trial, so the controlling question presented is: Does the statute involved apply where an allottee executes a deed, while the land is restricted, and not subject to alienation, and the grantee takes possession of the same, and where the allottee later, after restrictions have been removed, or the period thereof has expired, makes a deed to another person at a time when she has not been in possession of the land, nor received the rents, issues, profits, or income thereof, for more than one year before the execution of the deed.

This question has but recently received the consideration of this court in the case of *Miller v. Fryer*, 35 Okla. 145, 128 Pac. 713. While in that case the allotment was that of a Choctaw freedman, yet the principle involved is identical with that underlying and controlling the case at bar. The syllabus in that case is as follows:

"By reason of section 2215, Comp. Laws 1909, a deed conveying real estate, executed by a grantor at a time when he was not in possession of the conveyed premises, is void as between the grantee and a person who was at the time of the conveyance in adverse possession of the conveyed premises; and this rule applies where the grantor is an allottee of the Chickasaw and

Choctaw Tribes of Indians, upon whose power to alienate his allotment the restrictions have been removed prior to the time of the execution of the deed, and where the person in possession originally obtained possession, and claims title to the conveyed premises by virtue of a void deed executed by the allottee before the removal of restrictions upon his power to alienate his allotted lands."

No reason can be perceived why the reasoning of and the rule announced in the above case should not apply with equal force to a conveyance by an allottee of the Creek Nation. That being true, that case is controlling in the case at bar, and therefore the judgment in this case should be affirmed.

By the Court: It is so ordered.