## VAUGHAN *et ux.* v. HOLDER.

### No. 2900.   Opinion Filed December 20, 1913.

#### (137 Pac. 672.)

1.  **ADVERSE POSSESSION—What Constitutes.**  A possession, to be adverse, must be open, visible, continuous, and exclusive, with a claim of ownership such as will notify parties seeking information upon the subject that the premises are not held in subordination to any title or claim of others, but against all titles and claimants.   Following **Flesher v. Callahan**, 32 Okla. 283, 122 Pac. 489.

2.  **CHAMPERTY AND MAINTENANCE—Grants of Land Held Adversely—Validity.**  A conveyance of land made in contravention of sections 2214 and 2215, Comp. Laws 1909 (Rev. Laws 1910, secs. 2259 and 2260), is void as against persons holding adversely, either by themselves or tenants, and claiming to be owners of the land under color of title.   Following **Larney v. Aldridge**, 31 Okla. 447, 122 Pac. 151.

3.  **SAME.**  A deed from a person out of possession of real property, and who has not been in possession within a year, and who has not within that time taken the rents and profits, is void as against persons in adverse possession.   Following **Johnson v. Myers**, 32 Okla. 421, 122 Pac. 713.

(Syllabus by Harrison, C.)

*Error from District Court, Grady County;*
*Frank M. Bailey, Judge.*

Action by E. A. Vaughan and Irene Vaughan, his wife, against George W. Holder, to quiet title.  Judgment for defendant, and plaintiffs bring error:  Affirmed.

Vaughan et ux. v. Holder.

*Wm. Stacey,* for plaintiffs in error.

*F. E. Riddle,* for defendant in error.

Opinion by HARRISON, C. In March, 1910, plaintiffs, E. A. and Irene Vaughan, began an action in the district court of Grady county to quiet title to a certain 25-acre tract of land situated in said county, the same being part of the 100-acre surplus allotment of Mary Crowder. Each party traced title to the same source, Mary Crowder. Plaintiffs set up the following chain of title, to wit: Deed from Mary Crowder to J. B. Champion, dated September 4, 1908, recorded October 5, 1908, conveying the entire 100-acre surplus allotment, and on the same day J. B. Champion conveyed the same land to Sam Noble; both deeds being recorded on the same day. On July 6, 1909, Sam Noble and wife conveyed for a consideration of $1 and other valuable considerations the 25 acres in controversy to the plaintiffs, E. A. and Irene Vaughan. Previous to the latter date, namely, October 3, 1908, however, W. C. Kendall and wife executed a quitclaim deed to Sam Noble, relinquishing and quitclaiming all their title to the entire 100-acre tract, which quitclaim deed was recorded October 5, 1908. This constituted plaintiffs' chain of title. As against this, the defendant, Holder, offered the following chain of title, to wit: Deed from Mary Crowder to W. C. Kendall, dated October 25, 1907, recorded November 8, 1907, conveying an undivided one-fourth interest in and to the entire 100-acre allotment. Also deed from Mary Crowder to W. C. Kendall, dated December 27, 1907, recorded October 23, 1908, conveying the 25 acres in controversy, and deed dated January 4, 1908, recorded January 30, 1908, from W. C. Kendall and wife to G. W. Holder, the defendant, conveying the same 25 acres. The record discloses that the defendant, Holder, took possession of the land in controversy in February, 1908, erecting thereon substantial and valuable improvements, consisting of two barns and hog sheds, building a residence and digging a well, and held and cultivated same during the years 1908 and 1909, holding open and notorious possession and undisturbed control over the land during such period. In the latter part of 1909, however,

after the crop had been gathered, the tenant of G. W. Holder left the country. There is some intimation in the record that his leaving was procured by the plaintiff Vaughan in order that plaintiff might get possession. However that may be, it is apparent that as soon as Holder's tenant left, Vaughan took possession through his tenant. The cause was tried by the court, and judgment rendered, decreeing the title to the land in question in G. W. Holder; the court holding that the chain of title through which Holder claimed was superior and paramount to that of plaintiff Vaughan, and that the deeds through which Vaughan claimed title, in so far as they affected the title of the defendant, G. W. Holder, were to be canceled and held for naught. From such judgment the plaintiff appeals upon seven assignments of error.

The fourth, fifth, sixth, and seventh assignments relate to the court's ruling on the admission and rejection of testimony. We have examined the record, and find no material error in this regard. The first, second, and third assignments, however, go to the action of the court in denying motion for a new trial, and to the questions whether the verdict was contrary to law and not sustained by sufficient evidence. The testimony consisted almost wholly of record evidence, with the exception of the testimony in reference to the adverse possession of the land by defendant Holder through his tenant during the period from February, 1908, to the latter part of the year 1909, and, there being no conflict in this testimony, it merely presents a question of law as to whether the facts disclosed constituted such adverse possession as is contemplated by section 2026, St. Okla. 1893, which statutes were in force at the time of the controversy.

The elements which constitute adverse possession have been fully defined by this court in *Smith v. Phillips,* 9 Okla. 297, 60 Pac. 117; *Wade v. Crouch,* 14 Okla. 593, 78 Pac. 91; *Flesher v. Callahan,* 32 Okla. 283, 122 Pac. 489; *Martin v. Cox,* 31 Okla. 543, 122 Pac. 511; *Long-Bell Lumber Co. v. Martin,* 11 Okla. 192, 66 Pac. 328.

In *Flesher v. Callahan, supra,* adverse possession is defined as follows:

"A possession, to be adverse, must be open, visible, continuous, and exclusive, with a claim of ownership, such as will notify parties seeking information upon the subject that the premises are not held in subordination to any title or claim of others, but against all titles and claimants."

The facts in the case at bar bring the defendant, Holder, clearly within the rule laid down in the above cases. As to the legal effect of the deed to real estate held adversely and under color of title, see *Huston v. Scott,* 20 Okla. 142, 94 Pac. 512, 35 L. R. A. (N. S.) 721; *Jennings v. Brown,* 20 Okla. 294, 94 Pac. 557; *Powers v. Van Dyke,* 27 Okla. 27, 111 Pac. 939, 36 L. R. A. (N. S.) 96; *Martin v. Cox,* 31 Okla. 543, 122 Pac. 511; *Bell v. Cook* (C. C.) 192 Fed. 597; *Larney v. Aldridge,* 31 Okla. 447, 122 Pac. 151; *Johnson v. Myers,* 32 Okla. 421, 122 Pac. 713.

In *Larney v. Aldridge, supra,* this court held:

"A conveyance of land made in contravention of sections 2214 and 2215, Comp. Laws 1909 (Rev. Laws 1910, secs. 2259 and 2260), is void as against persons holding adversely, either by themselves or tenants, and claiming to be owners of the land under color of title."

In *Johnson v. Myers, supra,* it was held:

"A deed from a person out of possession of real property, and who has not been in possession within a year, and who has not within that time taken the rents and profits, is void as against persons in adverse possession."

In the case at bar the plaintiff Vaughan not only purchased premises which were being held possession of within the rule laid down by this court, but accepted a conveyance with at least constructive knowledge that to W. C. Kendall a deed was executed by Mary Crowder, the original allottee, on October 25, 1907, duly recorded November 8, 1907, to an undivided one-fourth interest in the 100-acre allotment, in which the 25 acres in question was included, and with constructive knowledge of a deed from W. C. Kendall and wife to George W. Holder, recorded January 30, 1908, to the identical land in question. Hence, from an examination of the entire record and the authorities applicable to the facts and issues involved in this cause, we find no error in the judgment of the trial court.

The judgment is therefore affirmed.

By the Court: It is so ordered.