## SUTTON v. DENTON.

No. 5035.    Opinion Filed January 24, 1916.

(154 Pac. 1193.)

1. **CHAMPERTY AND MAINTENANCE—Conveyance by Grantor Out of Possession—Validity.** By reason of section 2260, Rev. Laws 1910, a deed conveying real estate, executed by a grantor at a time when he, or those by whom he claims, have not been in possession of the same, or taken the rents and profits thereof for the space of one year before such conveyance, is void as between the grantee and the person who was at the time of the conveyance in adverse possession of the conveyed premises.

2. **INDIANS—Enrollment Records—Evidence of Age.** The enrollment records of the Commissioner to the Five Civilized Tribes are conclusive evidence as to age of the members of said tribes, and freedmen, in transactions had after the Act of Congress of May 27, 1908, 35 Stat. at L., c. 199, p. 312, went into effect.

(Syllabus by Brown, C.)

*Error from District Court, Creek County;*
*Wade S. Stanfield, Judge.*

Ejectment by Harry R. Denton against F. M. Sutton. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*Biddison & Campbell,* for plaintiff in error.

*McDougal, Lytle & Allen,* for defendant in error.

Opinion by BROWN, C. This was an action in ejectment, brought in the district court of Creek county by Harry R. Denton, the defendant in error, who will be hereinafter designated as the "plaintiff," against F. M. Sutton, the plaintiff in error, who will be hereinafter designated as the "defendant," to recover a certain tract of land in Creek county. A jury was waived, and trial was had to the court, who made findings of fact and

rendered judgment for the plaintiff. The defendant filed a motion for a new trial, which was overruled and exceptions saved, and he brings error to this court.

The material facts in this case are about as follows:

The land in controversy is described as follows: Lots 1 and 2, and the E. ½ of the N. W. ¼ of section 19, township 19 N., range 9 E., and was allotted to one Ethel Ross, a Creek freedwoman, as her share of the lands of the Creek Nation. According to the enrollment records of the Commissioner to the Five Civilized Tribes, Ethel Ross arrived at the age of 18 years on August 29, 1910. On the 21st day of July, 1909, she executed a warranty deed to the land in controversy to one A. H. McGinnis, who took possession of the land at that time, and put up notices on the land to the effect that he was the owner thereof, and for trespassers to keep off. On the 23d day of August, 1909, the said McGinnis executed a rental contract, in writing, to S. L. Tull and G. W. Tull, who, some time in the fall of 1909, went into possession and built a home, and lived on the said land until after the filing of this suit.

On the 3d day of September, 1910, the said McGinnis conveyed this land by warranty deed to one L. C. Wells. On the 22d day of August, 1910, the said Ethel Ross conveyed this land by warranty deed to said L. C. Wells, and on the 5th day of September, 1910, the said L. C. Wells conveyed the said land by warranty deed to F. M. Sutton, the defendant. However, said McGinnis and Wells, at all times the title remained in them, held the same by special arrangement with the defendant Sutton, for his use and benefit.

On the 29th day of August, 1910, the said Ethel Ross, while out of the possession of the premises, and while the same was occupied by the said tenants of McGinnis adversely, conveyed this land by warranty deed to the plaintiff, for the benefit of himself and one W. H. Bartlett. The said Bartlett made the transaction for the land, and at the time he did so he knew that the said S. L. and G. W. Tull, tenants of the said McGinnis, were in possession of the said premises, and it also appears from the evidence that at the time the said Ethel Ross executed the said warranty deed to the plaintiff she had not taken the rents and profits from said land for the space of one year prior to the time she executed said deed.

The question presented for our determination is whether or not the deed from Ethel Ross to the plaintiff Denton is void as against the defendant Sutton, by reason of section 2215, Comp. Laws 1909 (section 2260, Rev. Laws 1910); the statute being as follows:

"Any person who buys or sells, or in any manner procures, or makes or takes any promise or covenant to convey any pretended right or title to any lands or tenements, unless the grantor thereof, or the person making such promise or covenant has been in possession, or he and those by whom he claims have been in possession of the same, or of the reversion and remainder thereof or have taken the rents and profits thereof for the space of one year before such grant, conveyance, sale, promise or covenant made, is guilty of a misdemeanor."

At the time the deed was executed to the plaintiff, the defendant, by and through the said Wells and tenants aforesaid, was in the adverse possession of the same. *Fleshor v. Callahan et al.*, 32 Okla. 283, 122 Pac. 489; *Vaughan et ux. v. Holder*, 41 Okla. 101, 137 Pac. 672. And this court, by a long line of decisions construing the

foregoing statute, has laid down the rule that where the grantor, or those by whom he claims, have not been in possession or taken the rents and profits for the space of one year previous to such conveyance, such conveyance is void as between the grantee and the person who was at the time of the conveyance in adverse possession of the conveyed premises. Therefore the trial court committed error in rendering judgment for the plaintiff. *Miller v. Fryer,* 35 Okla. 145, 128 Pac. 713; *Martin v. Cox et al.,* 31 Okla. 543, 122 Pac. 511; *Larney et al. v. Aldridge,* 31 Okla. 447, 121 Pac. 151; *Fleshor v. Callahan, supra; Vaughan v. Holder, supra; Gannon v. Johnston,* 40 Okla. 695, 140 Pac. 430, Ann. Cas. 1915D, 522; *Huston v. Scott,* 20 Okla. 142, 94 Pac. 512, 35 L. R. A. (N. S.) 721; *Powers v. Van Dyke,* 27 Okla. 27, 111 Pac. 939, 36 L. R. A. (N. S.) 96; *Bell v. Cook,* (C. C.) 192 Fed. 597; *Ruby v. Nunn,* 37 Okla. 389, 132 Pac. 128; *Phillips v. Byrd,* 43 Okla. 556, 143 Pac. 684; *Sims v. Brown,* 46 Okla. 767, 149 Pac. 8776; *Jackson v. Lair,* 48 Okla. 269, 150 Pac. 162.

There is no merit in the contention of the defendant in error that the enrollment records of the Commissioner to the Five Civilized Tribes are not competent evidence to establish the age of the allottee. This court has repeatedly held that such records are conclusive evidence as to the age of the allottee in transactions made subsequent to the time the Act of Congress of May 27, 1908 (35 Stat. L. c. 199, p. 312), went into effect. *Williams v. Joins,* 34 Okla. 733, 126 Pac. 1013; *Rice v. Ruble,* 39 Okla. 51, 134 Pac. 49; *Perkins v. Baker,* 41 Okla. 288, 137 Pac. 661; *Scott v. Brakel,* 43 Okla. 655, 143 Pac. 510; *Phillips v. Byrd, supra; Grayson v. Durant,* 43 Okla. 799, 144 Pac. 592; *Smith v. Bell,* 44 Okla. 370, 144 Pac. 1058; *Diamond v. Perry,* 46 Okla. 16, 148 Pac. 88; *Charles v. Thorn-*

*burgh,* 44 Okla. 379, 144 Pac. 1033; *Malone v. Alderdice,* 212 Fed. 668, 129 C. C. A. 204; *Campbell v. McSpadden,* 44 Okla. 138, 143 Pac. 1138; *Miller v. Thompson,* 50 Okla. 643, 151 Pac. 192.

For the reason assigned, the judgment of the trial court should be set aside, and the case reversed .and remanded for a new trial.

By the Court: It is so ordered.