**YOUNGBLOOD et al. v. ROSS et al.**

No. 2853—Opinion Filed Jan. 9, 1917.

(162 Pac. 494.)

(Syllabus by the Court.)

**Champerty and Maintenance—Deeds—Validity.**

Section 2260, Rev. Laws 1910, makes the buying or selling of any pretended right or title to lands a misdemeanor, or where the grantor or those by whom he claims have not been in possession of the same, or of the reversion or remainder thereof, or have not taken the rents or profits thereof for the space of one year before such grant, conveyance, sale, promise, or covenant is made; and a conveyance, made in contravention of the statute by the owner, is void against persons in adverse possession.

Error from District Court, Rogers County; T. L. Brown, Judge.

Action by L. A. Bell against Charles Ross and W. L. Clapsadle. Judgment for defendants, and plaintiff brings error. Pending the appeal, Bell died, and the proceeding in error was thereafter revived and continued in the name of F. Clementine Youngblood, Callie L. Minor, H. Anna Bell, James H. Kennedy, as administrator of the estate of said L. A. Bell, deceased, as plaintiffs in error. Affirmed.

Peter Deichman and Henry S. Johnston, for plaintiffs in error.

Charles F. Runyan, for defendants in error.

SHARP, J. On August 4, 1905, Blanche Jones, a Creek freedman allottee, sold and by warranty deed conveyed to J. Robert Gillam the north half of the northwest quarter of section 11, township 19 north, range 17 east, and on the 12th day of August of said year, by a second warranty deed, conveyed to said Gillam the southwest quarter of the northwest quarter of said section 11. On October 23, 1906, said Gillam, joined by his wife, Blanche Gillam, by warranty deed conveyed said above-described lands to the defendant W. L. Clapsadle, who on the same day, through his tenant, Charles Ross, entered into the possession of said land. On December 4, 1907, the allottee, Blanche Jones, executed a warranty deed covering said 120 acres of land to the plaintiff L. A. Bell, who on January 6, 1910, instituted an action of ejectment to recover the possession thereof from the said defendants, Clapsadle and Ross. In their answer, defendants set up that since October 23, 1906, they had been in the undisturbed, uninterrupted, and actual possession of the premises, and were, on December 4, 1907, in the open, notorious, and undisputed possession thereof, and that the grantor thereof had neither been in possession nor received nor taken the rents or profits from said land for more than one year prior to the date of the execution of said deed to Bell; and that by reason thereof the purported deed, made by Blanche Jones to Bell, was void as to the defendants, and that no rights predicated thereon could be enforced against them.

There seems to be no controversy as to the above facts. Immediately upon the purchase of said lands by Clapsadle in 1905, he entered possession thereof, and erected improvements thereon, of the alleged value of $1,500. His possession was open, notorious, and adverse, and had continued for more than two years prior to the date of the Bell deed. From the decree in favor of the defendants, plaintiff brings error, relying for a reversal upon the claim that on the dates of the deeds to Gillam, Blanche Jones was a minor, and upon the ground that the trial court should have vacated and set aside the decree because of newly discovered evidence, tending to show the date of the marriage of the parents of the allottee, Blanche Jones.

The first and only question necessary to a decision of this case is that of the right of Bell to maintain his action, because of the champerty statute, making it a misdemeanor for every person who buys or sells, or in any manner procures, or makes or takes any promise or covenant to convey any pretended right or title to any lands or tenements, unless the grantor thereof, or the person making such promise or covenant, has been in possession, or he and those by whom he claims have been in possession of the same, or of the reversion and remainder thereof, or have taken the rents and profits thereof for the space of one year before such grant, conveyance, sale, promise, or covenant made. Section 2260, Rev. Laws 1910.

Deeds made in contravention of the statute as against the persons in possession and holding adversely, claiming to be the owners thereof under color of title, are void. Huston et al. v. Scott, 20 Okla. 142, 94 Pac. 512, 35 L. R. A. (N. S.) 721; Powers et al. v. Van Dyke, 27 Okla. 27, 111 Pac. 939, 36 L. R. A. (N. S.) 96; Martin v. Cox, 31 Okla. 543, 122 Pac. 511; Larney v. Aldridge, 31 Okla. 447, 122 Pac. 151; Johnson v. Myers, 32 Okla. 421, 122 Pac. 713; Miller v. Fryer, 35 Okla. 145, 128 Pac. 713; Ruby v. Nunn, 37 Okla. 389, 132 Pac. 128. The champerty statute was relied upon as a defense in the trial court. Even though the trial court rested its judgment upon the fact that Blanche Jones was an adult at the time of the execution of the Gillam deeds, yet, as the validity of plaintiff's second deed under the champerty statute was squarely in issue, the judgment of the trial court, finding plaintiff's deed to be "void," should be sustained, even though the court

decreed the invalidity because of the previous execution of valid deeds. We are not concerned in the reasons given for the decree, but only in its correctness. It would serve no useful purpose to discuss the alleged errors of the trial court, either at the trial or in refusing plaintiff a new trial, on the grounds of newly discovered evidence. There being no conflict in the evidence in respect to the facts involving the application of the champerty statute, errors at the trial, involving the determination of the age of Blanche Jones, would not constitute ground for reversal. As said in Johnson v. Myers et al., 32 Okla. 421, 122 Pac. 713:

"If the case should be reversed and remanded for a new trial, this question would inevitably be brought up, and there could be but one result under the admitted facts."

The case is readily distinguishable from that of Gannon v. Johnston et al., 40 Okla. 695, 140 Pac. 430, Ann. Cas. 1915D, 522, as in the case at bar Blanche Jones was not made a party to the action.

The judgment of the trial court is affirmed.

All the Justices concur.