## HARJO et al. v. OWENSBY et al.

No. 8286—Opinion Filed Dec. 11, 1917.

(169 Pac. 875.)

### Champerty and Maintenance — Adverse Possession—Right of Action.

The grantor in a deed, champertous because made in violation of section 2260, Revised Laws 1910, has such interest in the land conveyed as will enable him to maintain an action to recover such land for the benefit of his grantee against those in adverse possession at the time of making such deed and at the time of bringing the action.

(Syllabus by Stewart, C.)

Error from District Court, Creek County; Ernest B. Hughes, Judge.

Action by Cunnuggy Harjo and Polly Buckley against J. B. Owensby and A. A. Hammer. From a judgment sustaining defendants' motion to dismiss, plaintiffs bring error. Reversed, and remanded for a new trial.

A. A. Hatch and Harry H. Rogers, for plaintiffs in error.

Horace Speed, amicus curiae.

Opinion by STEWART, C. Action was brought in the district court of Creek county, Okla., by plaintiffs in error for the recovery of certain lands situated in said

county and to quiet title to the same. There is but one question to be determined in this case. In the trial court the defendants in error, who were defendants in such court, filed the following motion to dismiss:

"Come now the defendants in this case and move the court to dismiss this case for the reason that it is shown on the face of the petition that the same is not prosecuted by any person having a beneficial interest in any recovery that may be had, and is not prosecuted in the name of the real party in interest, and that the suit cannot be maintained under our Code for the use and benefit of another."

The plaintiffs alleged that they are full-blood Creek Indians, citizens of Creek Nation, duly enrolled as such, and the owners of the land involved, but the court sustained the motion to dismiss because of the following allegations contained in plaintiffs' petition:

"The plaintiffs further state that on the 2d day of January, 1913, they conveyed said land to W. D. Allen, and covenanted and warranted to the said W. D. Allen the quiet and peaceable possession of said land, and that the defendants now and ever since said date have wrongfully and unlawfully kept the said W. D. Allen out of the possession of said land; that at the time of making said conveyance and covenants, to wit, on the 2d day of January, 1913, the defendants were in possession of said land, and the plaintiffs were out of possession thereof, and the plaintiffs had not nor those under whom they claim title had not been in possession of said land nor received rents and profits therefrom for the space of one year next before the making of said conveyance and covenants."

It has been determined by this court that the grantee in a deed, champertous because in violation of section 2260, Revised Laws 1910, does not acquire such title to the land conveyed as will enable him to maintain an action against one holding such adverse possession to the grantor at the time of the making and executing of such deed as is contemplated by such section. Huston v. Scott et. al., 20 Okla. 142, 94 Pac. 512, 35 L. R. A. (N. S.) 721; Powers v. Van Dyke, 27 Okla. 27, 111 Pac. 939, 36 L. R. A. (N. S.) 96; Martin v. Cox, 31 Okla. 543, 122 Pac. 511; Sutton v. Denton, 55 Okla. 8, 154 Pac. 1193. It is equally well settled that the grantor in such a deed may maintain an action in his own name against those in possession to recover the land. Huston v. Scott, supra, and authorities hereinafter cited.

There is no longer any doubt in this jurisdiction that the grantor in a champertous deed may maintain an action against those holding adversely to recover the land for the benefit of his grantee or that the grantee may maintain such an action in the name of the grantor; such deed being good between the parties thereto. Gannon v. Johnston et al., 40 Okla. 695, 140 Pac. 430, L. R. A. 1915D, 522; McElroy v. Moose, 51 Okla. 173, 151 Pac. 857; Tyler v. Roberts, 56 Okla. 610, 156 Pac. 201; Roberts v. Cora Exp. Co., 57 Okla. 251, 156 Pac. 644; Burckhalter et al. v. Vann, 59 Okla. 114, 157 Pac. 1148; Vernor v. Poorman, 59 Okla. 105, 158 Pac. 615; Buell v. U-par-har-ha et al., 60 Okla. 79, 159 Pac. 507.

The plaintiffs, under the authorities cited, had such interest in the land as authorized them to maintain the action, and the trial court erred in sustaining the motion to dismiss.

The cause is reversed, and remanded for a new trial.

By the Court: It is so ordered.