## WESTBROOK v. RHODES.

No. 11965—Opinion Filed Sept. 18, 1923.

## 1. Municipal Corporations — Boundaries — "Lot."

The term "lot" applies to any portion, piece, or division of land, and is not limited to parcels of land laid out into blocks and lots regularly numbered and platted.

## 2. Adverse Possession—Requisites.

Possession to be adverse, must be open, visible, continuous, and exclusive with a claim of ownership, such as will notify parties seeking information on the subject that the premises are held against all titles and claimants.

## 3. Appeal and Error—Questions of Fact—Findings.

Where a case is tried to the court without the aid of a jury, the court's findings of fact will be given the same weight as the verdict of a jury, and will not be set aside if there is any evidence tending reasonably to support them.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Ottawa County; S. C. Fullerton, Judge.

Action by W. B. Rhodes against Amy Westbrook in ejectment. Judgment rendered in favor of the plaintiff, and defendant brings error. Affirmed.

A. C. Towne, for plaintiff in error.

Frank Nesbit, for defendant in error.

Opinion by PINKHAM, C. This is an action in ejectment. The defendant in error was plaintiff in the trial court, and the plaintiff in error was defendant below. The parties will be referred to as they appeared in the court below.

Plaintiff instituted this suit to recover possession of certain land, described in his amended petition as follows:

"All that certain strip of land lying between the north boundary line of blocks 178 and 180 in the city of Miami, Okla., according to supplemental plat No. 1 of said numbered blocks and the north boundary line of the city of Miami, Okla., said strip being 25 feet wide, more or less."

In his petition the plaintiff alleges that his interest in, and claim to, said described real estate, arises out of the following facts and circumstances, upon which he bases his right to recover in this action:

"A deed to plaintiff from C. V. Stuart and Mrs. C. V. Stuart and Q. B. Gibson and Nina Gibson, his wife, dated June 10, 1918, and recorded in the offices of the register of deeds of Ottawa county.

"That the aforesaid grantors of this plaintiff acquired title to said property by virtue of a quitclaim deed, date of March 14, 1918. That the Franklin Smith Rty. Co. were the grantors on said deed.

"That the Franklin Smith Realty Company, a corporation, acquired title to said hereinbefore described property by virtue of a warranty deed, dated May 16, 1911, executed by Franklin M. Smith and Margaret E. Smith, his wife. And by virtue of another warranty deed executed by Franklin M. Smith and Margaret E. Smith, his wife, dated April 11, 1911.

"That said Franklin Smith Realty Company appointed Franklin M. Smith its attorney in fact to execute conveyances of real property on Nov. 11, 1911.

"That said Franklin M. Smith and his wife, Margaret E. Smith, acquired title to the hereinbefore described property by virtue of a warranty deed, dated February 14, 1908, executed by the Miami Town Company, a corporation.

"That the Miami Town Company, a corporation, acquired title to the said property by virtue of a patent of the United States of America, bearing date of May 19, 1891."

The petition alleges that the plaintiff has the legal and equitable estate in the above described premises, and that the defendant keeps him out of possession of said real property.

To the petition defendant demurred, which demurrer was by the court overruled and duly excepted to by defendant. The answer to the amended petition contains first, a general denial, second, a denial that plaintiff was the owner of the property in controversy, or that he had any right, title, or interest therein by reason of the conveyances under which plaintiff claimed, and further, the answer alleges that the conveyances which plaintiff pleads in his petition were champertous and void. The answer further alleges that defendant has been in possession of said property more than ten years and is the owner thereof by adverse possession, and further, that said property was attempted to be dedicated as a street.

The answer also alleges that said property is the only means of ingress and egress defendant had to her property.

To this answer plaintiff filed a reply denying all the allegations therein which are inconsistent with the amended petition.

The cause was tried by agreement of the parties to the court and resulted in a judgment in favor of the plaintiff. From this judgment defendant appeals.

Defendant sets out numerous assignments of error, and has divided them into four groups.

It is first contended by counsel for defendant in his brief that Franklin M. Smith, who was appointed by the Franklin M. Smith Realty Company, a corporation, its attorney in fact to execute conveyances of real property, was not given authority to convey the land in controversy inasmuch as the said land had not been divided into lots.

The power of attorney was introduced in evidence and the granting portion reads as follows:

"* * * To convey by general warranty deed or such other conveyances as he may deem advisable and for such price and to such persons as he may see fit, the following described property lying, being and situated in Ottawa county, Oklahoma, to wit: All town lots owned or which may be hereafter owned by said Franklin Smith Realty Company in the original township of Miami, Oklahoma, in Frisco addition, Artesian addition, Interurban Heights addition, or in any other ad-

dition which said company may own lots. * * * "

It will be observed that the power of attorney authorized the attorney in fact to convey "all town lots now owned, or which may be hereafter owned by said Franklin Smith Realty Company." The Franklin Smith Realty Company being the owner of the strip of land in controversy, and Franklin M. Smith having been duly appointed attorney in fact for the purpose of conveying the company's real property, the mere fact that the land in question had not been numbered by lot and block, and was described in the deed by metes and bounds would not be beyond the authority conferred upon the attorney in fact in his power of attorney.

"The word 'lot' contains no legal or other meaning as to quantity except it is a distinct portion of land usually smaller than a field." Kaufman v. Stein, 138 Ind. 49, 37 N. E. 333.

In the case of Buell v. Ball, 20 Iowa, 282, it is said:

"The word 'lot' means any portion, piece or division of land" (Webster's Dict.) and is just as applicable to a piece of land described as "commencing at 4th avenue west side of 7th street in Buell's addition and running south 480 feet, property not laid out but corresponding to block 5, range 7, Buell's addition where such tract is clearly designated on the map of such addition, "as if it had been duly platted and recorded as lot 1 in block 1 or any other number or as to any other lot in the city," etc.

Furthermore, the record in the case discloses that the title to the strip of land in question was a matter of record at all times and that at the time it was conveyed by the attorney in fact, it was the property of the Franklin Realty Company.

"The sole purpose of a description of land contained in a deed of conveyance, being to identify the subject-matter of the grant, a deed will not be declared void for uncertainty if it is possible, by any reasonable rules of construction, to ascertain from the description, aided by extrinsic evidence, what property it is intended to convey, not merely because from lapse of time it may be impossible to identify the lands conveyed by it. So though the description is inaccurate in some details, yet if, when aided by extrinsic evidence and taken in connection with other deeds conveying other parcels of the same tract, the property intended to be conveyed can sufficiently be identified, it cannot be said, as a matter of law, that the deed is so wanting, vague, and uncertain in description as to be void and inadmissible as evidence of title—to all such cases the maxim, 'That will be considered certain which can be made certain' applies * * *" (8 R. C. L. 1074.)

Defendant also contends that the Franklin Smith Realty Company could not hold real estate "because the laws of Oklahoma prohibit corporations from holding title to real estate except certain kinds of corporations, and for certain specified purposes, of which this strip of ground was in neither class, and the Franklin M. Smith Realty Company could not convey something they could not own, and assuredly their attorney could not have any greater power."

The inference intended to be drawn from this proposition is that conceding that the Franklin M. Smith Realty Company could not under the law of Oklahoma hold real estate, therefore, the deed under which plaintiff claims this land is void.

No argument is made, and no authorities are cited in support of this proposition.

It is well settled that the state in whose territory real estate is situated, may in a proper proceeding contest the right of a corporation to take and hold such real estate. But the purchase by a corporation of more real estate than it is authorized to hold is not void; the state alone can object to such acquisition, or in a proper case, a stockholder. As against third persons, its title is valid. 7 R. C. L. 567. Lynch v. Perryman, 29 Okla. 615, 119 Pac. 229; Local Inv. Co. v. Humes et al., 51 Okla. 251, 255, 151 tPac. 878.

It is next contended that "there is no dispute that when Rhodes, defendant in error, took his deed on June 10, 1918, the plaintiff in error, Westbrook, was in actual possession of the ground and had it inclosed with posts and fence, and that Rhodes' grantors, Gibson and Stuart, had never been in possession, nor had they ever received or collected any rents from any one, and that this deed is champertous and void."

The following are the facts as disclosed in this record:

The defendant purchased in 1915 lots 1 and 2, in block 178, in the town of Miami, according to the supplemental plat thereof, and the strip of land in controversy was not included in said deed. The land in question adjoined the lots owned by the defendant, and on the 14th day of February, 1908, the Miami Town Company conveyed this land in controversy to Franklin M. Smith.

There is not a scintilla of evidence in this record tending to show that the defendant at any time had actual possession of the land involved in this suit. That the land in question was vacant, unimproved, and was used for many years by the public as a part

of the street, which it adjoined, is clearly disclosed in the record before us.

The defendant testified that she had caused this strip of land to be fenced, and used this strip as an outlet to the street, and her daughter corroborated her mother's testimony in that respect. Witnesses who had lived in close proximity to this land from three to sixteen years, testified without qualifications that the land in question had never been fenced or cultivated or occupied by any one until the plaintiff purchased it in June, 1918.

It is true there were from four to six posts on this land at the time plaintiff purchased it, which the defendant testified she placed there, but there is nothing even remotely approaching competent and satisfactory evidence of any continuous adverse holding by the defendant, or of anyone, of any part of the land in question down to the time of the plaintiff's purchase of the same.

"A claim of ownership or of an intention to assert title against the true owner is of no consequence, in the absence of demonstrations by acts done upon the property leaving there indicia of a continued possession." Rucker v. Jackson, 180 Ala. 109, 60 South. 139, 1 R. C. L. 692.

The case of Martin v. Cox et al., 31 Okla. 543, 122 Pac. 511, is cited by defendant. In that case it is said in the opinion:

"They (defendants) have retained within their inclosure, the disputed strip, have continued to occupy it, cultivate it, receive the profits therefrom, and to assert their ownership thereof."

The facts disclosed in the record in the instant case are of the opposite character. Here the disputed strip was never occupied, cultivated, or improved by the defendant, or by anyone in her behalf.

The record discloses that after the plaintiff purchased the land in question, the defendant during the plaintiff's absence took possession by inclosing the land with a fence.

The rare and separated acts of defendant with reference to the land in controversy, to which we have referred, no matter how clearly they may have indicated a purpose to claim title and assert dominion over it, do not satisfy the law of title by adverse possession, and the statute of limitations. They cannot be regarded as anything more than acts of trespass. Rucker v. Jackson, 180 Ala. 109, 60 South. 139, 1 R. C. L. 692.

"A possession to be adverse, must be open, visible, continuous and exclusive with a claim of ownership such as will notify parties seeking information on the subject that the premises are held against all titles and claimants." Wade v. Crouch, 14 Okla. 593, 78 Pac. 91; Flesher v. Callahan, 32 Okla. 283, 122 Pac. 489; Vaughn v. Holder, 41 Okla. 104, 137 Pac. 672.

"When the land conveyed, though not in the possession of the grantor is not adversely held by the occupant, the deed is valid." 6 Cyc. 885; Flesher v. Calhahan, supra.

"The doctrine of adverse possession is to be taken strictly. Such a possession is not to be made out by inference, but by clear and positive proof." Schwalbach v. C., M. & St. P. Ry., 69 Wis. 292, 34 N. W. 128, 2 Am. St. Rep. 740.

Tested by the rule announced in these cases, we are of the opinion that there is an absence in the record of any evidence of adverse possession.

It is next contended that the court erred in admitting any of the deeds offered by the plaintiff in evidence, after it had been shown that none of the grantors in any of the deeds had ever been in possession, or taken any rents or profits. It is sufficient to say that there is nothing on the face of the deeds and nothing in the evidence, which would indicate that defendant was holding the said land adversely at the time plaintiff procured his deed. The deeds were properly admitted in evidence.

It is further contended that the statute of limitations is a bar to the action. In order to start the running of the statute of limitations there must have been adverse possession, and as there was no adverse possession as shown by the evidence, and the judgment of the court, which involved a finding of fact that the defendant was never in possession adversely, the question of the statute of limitations does not arise.

"Where a case is tried to the court without the aid of a jury, the court's findings of fact will be given the same weight as the verdict of a jury, and will not be set aside if there is any evidence reasonably tending to support it." Hamilton Twp., Okmulgee Co. v. Underwood, 81 Okla. 256, 189 Pac. 300.

"A person, to avail himself of the defense of limitations in ejectment, must show an entry and an ouster of the owner, for until disseizin any possession is presumptively subordinate to the title of the owner; and a person in possession for over thirty years of a tract under the claim that it formed a part of a governmental subdivision, while it was in fact part of another division, did not thereby acquire title by adverse possession so as to defeat ejectment of the owner." Keller et al. v. Harrison et al., 151 Iowa, 320, 128 N. W. 851, 131 N. W. 53.

Defendant's final contention is "error of the court that when this street was vacated, prior to Rhodes' deed, in not holding under the laws of Oklahoma, section 4563, Compiled Laws 1921, that this strip of land did not revert to the adjacent property, belonging to the defendant."

There is evidence that the land in question was used as a street, but the evidence shows that the dedicated street was north of the said land and adjoining it. This strip of land in dispute, all the evdence shows, was open, unoccupied, unimproved, unfenced, and adjoined the ground which was the dedicated street. The plat and supplemental plat introduced in evidence does not show this disputed strip of land to be a dedicated street.

It is sufficient to say that the land in controversy in this case was private property, that there was no dedication by the owner making it a street, and a careful examination of the record shows that there was no dedication by user.

We are of the opinion that the judgment of the trial court should be affirmed.

By the Court: It is so ordered.