## HASS v. GREGG.

No. 5099.   Opinion Filed September 28, 1915.

Rehearing Denied October 30, 1915.

(152 Pac. 1126.)

1. **VENDOR AND PURCHASER—Possession—Notice of Title.** The possession of real property carries with it the presumption of ownership, and it is the duty of those purchasing such property from others than 'those in possession to ascertain the extent of their claim, and the open, actual possession of such property gives notice to the world of just such interest as the possessor actually has therein.

2. **PROPERTY—Possession—Sufficiency.** It is not necessary, in order to establish and maintain possession of real estate, that the claimant should actually reside upon it or have it inclosed with a fence. It is sufficient if the party is doing acts thereon that indicate in an open, public, and visible manner, that he has exclusive control over the land, under a claim of right to such exclusive possession.

3. **VENDOR AND PURCHASER—Title of Person in Possession—Notice.** While it is the general rule that open and notorious possession of real estate, under an apparent claim of ownership,

is notice to the world of whatever claim the possessor asserts, there is an exception to this rule, in that it does not apply to a vendor remaining in possession so as to require a purchaser from his grantee to inquire whether he had any interest in the land conveyed.

4.    SAME. The exception in the preceding paragraph is also modified, in that the law requires that a purchaser, under such circumstances, shall be an innocent purchaser and free from any collusion with fraud upon the person who was apparently the vendor and grantor who remained in possession, and, further, if a fraud has been perpetrated and the facts and circumstances are such as to put the purchaser upon inquiry, and to create reasonable grounds for believing that the fraud has been perpetrated, he will not be in a position to avail himself of that exception to the general rule.

5.    VENDOR AND PURCHASER—Bona Fide Purchaser—Proof—Inadequate Consideration. A gross disparity in the actual value. and the consideration for which the property was sold, is usually sufficient to overcome any theory that the grantee was a bona fide purchaser.

(Syllabus by Robberts, C.)

*Error from District Court, Pontotoc County;*
*Tom D. McKeown, Judge.*

Action by Mattie Hass against A. M. Gregg.   Judgment for defendant, and plaintiff brings error.   Reversed and remanded, with directions.

*B. C. King,* for plaintiff in error.

*Wimbish & Duncan,* for defendant in error.

Opinion by ROBBERTS, C.   This case is here on appeal from the district court of Pontotoc county, and is an action to cancel a deed and quiet title.   The plaintiff below, who is also plaintiff in error, alleges, in substance, that she is the owner in fee simple and in possession of the west half of the west half of the northeast quarter of section 27, township 4 north, range 6 east, in said county.   The defendant below, who is also defendant in error, answers by general denial, and claim of title; also

by cross-petition prays that title may be quieted in himself. The plaintiff replies by general denial. The case was tried to the court without a jury, and upon hearing the court made special findings of fact and conclusions of law, as follows:

"This is an action to quiet title commenced by Mrs. Mattie Hass, hereinafter called the plaintiff, against A. M. Gregg, hereinafter called defendant. The court finds the facts to be as follows:

"(1)    That on the 29th day of November, 1911, that F. D. Hass, joined by his wife, Mattie Hass, conveyed the 40 acres of land in controversy to Lee Perry, a five-eighths blood Chickasaw Indian, regular on its face and in the general form of a warranty deed, with the following provisions in said instrument: 'Except that no conveyance or assignment herein of any interests in the lands herein described shall operate to convey title thereto unless said conveyance or assignment is approved by the Secretary of the Interior, and the grantee hereby accepts this conveyance subject to the said restrictions, such exceptions being part of the consideration of this conveyance.'

"(2)    That all of the consideration named in said deed was not paid until the 1st day of May, 1912, when the balance of $260 was paid by the Indian agent to the husband of the plaintiff.

"(3)    That F. D. Hass, acting as agent for the plaintiff, Mrs. Mattie Hass, in securing a warranty deed from Lee Perry conveying the lands in controversy to the plaintiff of date February 8, 1912; that the said deed was not put of record, was in due form, but the same was not approved by the Secretary of the Interior, and that said deed was not put of record until the 2d day of May, 1912.

"(4)    That the plaintiff, with her husband, resided on ten acres of land adjoining the 40 acres, and remained in possession of the lands in controversy.

"(5)· That on .the 13th day of April, 1912, Lee Perry executed to the defendant, A. M. Gregg,. an agricultural lease for the period of five years, which lease contract was duly recorded in the register of deeds' office of Pontotoc county at Ada on the date of its execution.

"(6)    That on the 1st day of May, 1912, said Lee Perry executed a warranty deed in due form to the defendant, A. M. Gregg, purporting to convey the lands in controversy, for which the defendant, A. M. Gregg, paid the sum of $300 to Lee Perry; that said deed was not approved by the Secretary of the Interior.

"(7)    That prior to the execution of the lease and deed to the defendant, A. M. Gregg, that the defendant, A. M. Gregg, went upon the lands in controversy in company with one Bivens, and while there had a conversation with the plaintiff, Mrs. Mattie Hass.

"(8)    The court finds that he made no inquiry of Mrs. Mattie' Hass as to any right she might have in the lands, and that she did not inform him that she claimed any right to the said land, and that the defendant had no notice at the time he purchased said land from Lee Perry that the plaintiff herein was claiming any interest in said land.

"(9)    That said deed of date of May 1, 1912, was duly recorded in the register of deeds' office on the date of its execution, one day prior to the recording of the deed from Lee Perry to the plaintiff in this case.

"(10)    That the lands in controversy, together with ten acres additional, was heretofore conveyed by A. M. Gregg, the defendant herein, to F. D. Hass, the husband of the plaintiff herein, for $1,000 in 1911.

"(11)    The testimony shows that the possession of the plaintiff, F. D. Hass, the husband of the plaintiff herein, consisted in living in the dwelling house which was located on ten acres of land adjoining the land in controversy, being a portion of the 50 acres heretofore conveyed by A. M. Gregg, the defendant herein, to F. D.

Hass, the husband of the plaintiff herein, and that the possession of the 40 acres in controversy by F. D. Hass and Mattie Hass consisted of clearing of some of the land and putting in cultivation and being in the open occupancy of said land."

## CONCLUSIONS OF LAW.

"The court concludes that inasmuch as the plaintiff herein joined with F. D. Hass in the execution of a warranty deed to Lee Perry on November 29, 1911, conveying the lands in controversy, the same having gone of record in the register of deeds' office of Pontotoc county, Okla., and had remained in possession of said land, and, the plaintiff having become the grantor in a certain warranty deed from Lee Perry conveying the lands in controversy but failing to place the same of record, that the defendant, A. M. Gregg, was not required to make inquiry of the plaintiff and her husband, F. D. Hass, as to whether they had any right or claim to said premises, but could rely upon their solemn deed of record.

"And concludes as a matter of law that the defendant, having bought the same without notice of the claim of the plaintiff, that he is a *bona fide* purchaser of said land without notice of any claim of the plaintiff, and the plaintiff, under such circumstances, cannot cancel said deed for the reason that the said right of title of the defendant is superior to that of the plaintiff.

"The next question that confronts the court is that owing to the fact that the defendant is not in the actual possession of said land and at most could only be in constructive possession whether or not upon his cross-bill this court has jurisdiction to grant the relief prayed for in said bill.

"The court is of the opinion that if the defendant's cross-bill was an original petition that the court would be without jurisdiction to grant the relief, for the reason that the defendant is not in the actual possession of said lands either in person or by tenant, and could only be in

the constructive possession of said land created by law, but the court is of the opinion that the plaintiff, having sought the jurisdiction of a court of equity and brought the defendant into a court of equity, having obtained jurisdiction of the controversy, had jurisdiction to grant the relief prayed for in defendant's cross-bill.

"Therefore, the court concludes that the said deed to A. M. Gregg is a superior title and conveys the legal title, and that the said A. M. Gregg is the true owner of said land, and that the conveyance from Lee Perry to the plaintiff, Mattie Hass, placed of record subsequent to the recording of the deed from Lee Perry to A. M. Gregg, is a cloud upon the title of the said A. M. Gregg, and that he is entitled to have the same canceled, set aside, and held for naught.

"The court concludes as a matter of law that the restrictions placed in said deed provided that the land should not be conveyed by the grantee, Lee Perry, unless approved by the Secretary of the Interior is also a cloud upon the title of said land, but that this court is without jurisdiction to pass upon the right to cancel said provisions, for the reason that all the parties to be affected are not parties to this suit, and there is no prayer for its cancellation and removal in the cross-bill of the defendant."

After overruling the motion for new trial, the court entered a decree canceling the deed under which the plaintiff was holding, and quieted title in the defendant. The judgment and decree of the court was as follows:

"Now on this the ———— day of November, A. D. 1912, the same being one of the regular days of the November, A. D. 1912, term of said court, this cause came on to be heard in its regular order, and the plaintiff, Mrs. Mattie Hass, being present and by her attorney, B. C. King, and the defendant, A. M. Gregg, being present in person and by his attorneys, Wimbish & Duncan, and the jury having been waived and the matters of fact as

well as of law are submitted to the court and the court, having heard the evidence and argument of counsel, and being fully advised in the premises of the plaintiff's cause of action, finds the issues in favor of defendant, A. M. Gregg. And the court finds that the defendant, A. M. Gregg, is the legal owner in possession of the premises described in his answer and cross-bill, which lands are described as follows: 'West half of west half of north-east quarter of township 4 north, range 6 east, containing 40 acres, more or less situated in Pontotoc county, Oklahoma.' And that his title thereto is valid and perfect and superior to any title or interest claimed by the plaintiff, and that the plaintiff has no right, title, or interest in the premises.

"It is therefore ordered, adjudged, and decreed by the court that the title and possession of the said defendant in said premises be and the same is hereby forever settled and quieted in said defendant as against all claims or demands of the said plaintiff, and all persons claiming or to claim the same by, through or under her, that the deed from Lee Perry to the plaintiff, Mrs. Mattie Hass, dated February 8, 1912, and recorded in Volume 12, at page 301 of the records of the office of the Register of Deeds of Pontotoc county, Okla., and all other deeds in said chain of title claimed by the plaintiff be and the same are hereby canceled and removed as a cloud on the title of the said defendant, A. M. Gregg, in and to the hereinafter described premises. And it is further ordered, adjudged, and decreed that plaintiff, Mrs. Mattie Hass, and those claiming under her be and they are hereby perpetually enjoined and forbidden to claim any right, title, interest, or estate in or to said premises by virtue of said deed, hostile or adverse to the possession and title of the said defendant, A. M. Gregg, and the said plaintiff, Mrs. Mattie Hass, and those claiming by, through, or under her are hereby perpetually enjoined and forbidden from commencing any suit to disturb the said defendant in his said possession and title to said premises, and from

setting up any claim or interest adverse to the title of the defendant herein, and from disturbing the defendant in the peaceful possession and quiet enjoyment of said premises. And it is further ordered, adjudged, and decreed that the defendant do have and recover of and from the said plaintiff, Mrs. Mattie Hass, his cost herein expended, and that he have execution therefor.

"Done in open court this the 3d day of January, 1913."

To all of which rulings, orders, and judgment of the court the plaintiff excepted. Counsel for plaintiff submits six specific assignments of error, but in his brief abandons all, except one general assignment as follows:

"The only assignment of error which affects the real merits of this case under consideration is: That the facts found to exist by the court in his special finding of facts and the evidence introduced are sufficient to place a prudent man on notice of an outstanding claim against the land in controversy and require of him to make inquiry of the plaintiff, who was in possession of the 40 acres of land which is the subject of this litigation, and will all be considered together so far as the plaintiff will undertake to brief this case, and was the application of law of the case properly applied?"

Upon the questions of fact involved herein, we will accept and adopt the general rule of this court, that where special findings of fact are made by the trial court, to whom the case is submitted without a jury, such findings will not be disturbed by this court, unless they are without evidence to support them, but they will be treated as conclusive. We cannot say that the findings of fact by the lower court are without any evidence to support them, and the case will be determined upon the facts as found by the court.

It is conceded by counsel for both parties that as a general rule, actual, open, and notorious possession of land, under an apparent claim of ownership, is notice to the world of whatever claim the possessor asserts, whether such claim be legal or equitable in its nature. The rule of this court is well stated by Mr. Justice Kane, in *Adams v. White,* 40 Okla. 535, 139 Pac. 514, as follows:

"The possession of real property carries with it the presumption of ownership, and it is the duty of those purchasing such property from others than those in possession to ascertain the extent of their claim; and the open, actual possession of such property gives notice to the world of just such interest as the possessor actually has therein."

But counsel for defendant contends that this general rule does not apply to a vendor remaining in possession, so as to require a purchaser from his grantee to inquire whether the grantor, remaining in possession, has any interest in the land conveyed. It must be admitted that the exception contended for by defendant is well recognized and approved, not only by this court, but by the courts of this country generally, so far as we have been able to ascertain. On the other hand, counsel for plaintiff contends that there is an exception to the general exception, in this, that the vendee, who purchases in the face of the possession of the original grantor, must be an innocent, *bona fide* purchaser, and that he must have purchased the land under such circumstances as will constitute him an innocent purchaser, and free him from any collusion with fraud upon the person who was apparently the vendor and grantor, who remained in possession.

This rule is laid down in *Smith v. Phillip,* 9 Okla. 297, 60 Pac. 117, where the court, speaking directly upon the subject in hand here, says:

"If a fraud has been perpetrated, and the facts and circumstances are such as to put the purchaser upon inquiry, and to create reasonable grounds for believing that a mistake has been made *or a fraud perpetrated,* he will not be able to avail himself of the above rule."

With these general principles of the law for our guidance, let us now consider the facts as found by the trial court, and ascertain whether that court misapplied the law to the facts as found, and thereby erred in his application of the law to the facts.

We gather from the record and findings of the court that in the early part of 1911 the defendant sold the land in controversy, with an additional ten acres, to F. D. Hass, the husband of the plaintiff, for the consideration of $1,000. On the 29th day of November, 1911, F. D. Hass sold the 40 acres involved herein to Lee Perry, a five-eighths blood Chickasaw Indian, for the consideration of $800. The plaintiff herein joined in said deed as the wife of said grantor. The deed was the usual statutory form, regular on its face, except it had written therein the following:

"Except that no conveyance or assignment herein of any interests in the lands herein described shall operate to convey title thereto unless said conveyance or assignment is approved by the Secretary of the Interior, and the grantor hereby accepts this conveyance subject to the said restrictions, such exceptions being part of the consideration of this conveyance."

The plaintiff remained in possession of said land as hereinafter described, all the times herein mentioned, up to and including the time of the commencement of this suit. On the 8th day of February, 1912, the plaintiff purchased said land from said Perry, paying therefor

the sum of $950; said deed was in due form, but was not placed of record until the 2d day of May, 1912, nor was it approved by the Secretary of the Interior. On the 13th day of April, 1912, Perry leased said land to defendant for a period of five years, for the consideration of $50 a year, which lease was recorded on the same day. On the 1st day of May, 1912, while plaintiff was still in possession, Perry conveyed the land involved to defendant, for the consideration of $300, which deed was recorded on the same day, but was not approved by the Secretary of the Interior. The court finds that before the execution of the lease and deed the defendant talked with the plaintiff on the tract involved, but nothing was said by either party as to why plaintiff was occupying the lands.

The possession of the plaintiff consisted in living with her husband in a dwelling house on the ten acres adjoining the 40-acre tract involved, and mentioned as a part of the 50-acre tract formerly conveyed by defendant to the husband of plaintiff, and the possession of the particular 40 acres in controversy, by plaintiff and her husband, in their clearing and cultivating a portion of the land, and in "being in the open occupancy of the same." The court also finds that defendant had no other notice of the claims of plaintiff to said land, except from the facts and circumstances as above stated.

In the first place, the court finds that the plaintiff was in the open and exclusive occupancy of said land; that defendant had actual knowledge of such occupancy. The defendant examined the recorded deed from Hass to Perry and knew that it was dated November 29, 1911, and that the consideration was $800. He knew that plaintiff was still in possession of the premises on the

1st day of May, 1912, clearing and cultivating the land. He talked with her a short time before he bought the lands, but made no inquiry of her as to why she was still occupying, improving, and cultivating the premises. He, himself, had sold the same land to plaintiff's husband a year or two before for $800. He had lived all this time in the immediate neighborhood of the land, and in the face of all these facts bought the land for $300, not to exceed one-third of its real, actual value.

In *Smith v. Phillips, supra,* a case very similar to this, the court, speaking upon this question of consideration alone, says:

"The gross disparity in the consideration which the face of the deed shows that" the property was sold for "is sufficient to upset any theory that the grantee was a *bona fide* purchaser."

In that case, as in this, the land was sold for about one-third of its actual value. To our mind, these facts and circumstances clearly establish the fact that the defendant was not an innocent or *bona fide* purchaser; on the contrary, they fully sustain the fact, and are conclusive as a matter of law, that there was a fraudulent collusion by and between the defendant and Perry to cheat and defraud the plaintiff out of this land.

The facts, as found by the court, fully sustain this result as a conclusion of law, and for that reason we must say that the trial court erred in its application of the law to the facts, and the case should be reversed and remanded to the district court of Pontotoc county, with directions to that court to enter judgment canceling of record the lease and deed from Lee Perry to the defendant and removing all clouds from the title to the

premises caused by said lease and deed, and forever quieting the title to the premises in the plaintiff, with costs.

By the Court: It is so ordered.