## PHILLIPS PETROLEUM CO. v. THRELKELD et al.

No. 2295.

Circuit Court of Appeals, Tenth Circuit.

Nov. 6, 1941.

Rehearing Denied Nov. 28, 1941.

Harry D. Turner, of Oklahoma City, Okl. (Don Emery and Rayburn L. Foster, both of Bartlesville, Okl., and R. B. F. Hummer and E. G. De Parade, both of Oklahoma City, Okl., on the brief), for appellant.

Paul F. Showalter, of Oklahoma City, Okl. (David A. Kline, of Oklahoma City, Okl., and C. B. Memminger, of Atoka, Okl., on the brief), for appellee C. O. Threlkeld.

C. D. Ellison, of Oklahoma City. Okl., for other appellees.

Before BRATTON and HUXMAN, Circuit Judges.

HUXMAN, Circuit Judge.

This case was argued to a court composed of Judges Bratton, Huxman and Williams. After adjournment, Judge Williams concluded that he was disqualified and therefore withdrew from the case. The parties by stipulation agreed that the decision should be rendered by the remaining two members of the court.

The sole question presented is whether there is an intervening strip of land between River Drive Street in Walnut Grove Addition to Oklahoma City and the east bank of the North Canadian River as it existed in 1902 and 1903. The Wintrode Land Company owned Lots 11 and 12 and the south half (S½) of the northeast quarter (NE¼) of section three (3), township eleven (11) north of range three (3) west, such being all of the northeast quarter (NE¼) of section three (3) except that which was cut off to the north and northwest by the center line of the North Canadian River. Lot 11 extended to the center line of the river. In 1902 the company platted the land into Walnut Grove Addition to Oklahoma City. An amended plat, not in issue here, was later filed. The plat was duly filed of record in conformity with the laws of Oklahoma.

From the time of the filing of the plat until 1923, there was no change in the course of the river, but at that time it abandoned its channel and the old bank became obliterated.

In 1923 appellant obtained a community oil and gas lease on all of block 2, and applied to the city authorities for a permit to drill a well thereon. The Board of Adjustors of the City attached to the block as a part of the permit area the east half of the river as a contiguous tract. Thereafter appellant procured from the successors of the Wintrode Land Company an oil and gas lease covering the area constituting the east half of the river as it existed from 1902 to the change in 1923, described by metes and bounds. Appellant developed the property and discovered oil and gas in producing quantities. Thereafter, by separate quit claim deeds, the successors to Wintrode Land Company conveyed to C. O. Threlkeld successively the surface rights and seven-eights of the mineral estate to an area described by metes and bounds, containing 39,412 square feet, and lying west of block 2 and east of the east river bank. The deed expressly reserved the area embraced in the lease to appellant. If the deed to Threlkeld conveyed anything, it was a tract between the west line of River Drive Street and the east bank of the North Canadian River as it existed in 1902 and 1903.

Threlkeld brought a quiet title suit seeking to quiet his title to the strip of ground described in his quit claim deed and for an

## AMENDED PLAT, SHOWING RIVER DRIVE STREET:

accounting of the oil and gas taken from the well. The accounting action was later dismissed. His right to recover depends upon whether there was a strip of ground between the west line of River Drive Street and the east bank of the North Canadian River as it existed in 1902 and 1903, which was not included in Walnut Grove Addition as platted by the Wintrode Real Estate Company. The trial court found there was, and judgment quieting title was rendered against appellant, from which it has appealed.

The appellees other than Threlkeld claim no interest. Their position in their brief before this court is that there is no separate tract of ground between River Drive Street and the east bank of the river susceptible of separate ownership, but that if they are in error in this and Threlkeld is right in his contention, then they would be the owners of their proportionate part of the oil and gas, concerning which proportion there is no dispute. The opinion will proceed as though Threlkeld alone were the appellee.

The court found that:

"The court further finds that the said land does physically exist as described by the plat and is susceptible of ownership and that the said Riverside Drive is a street fifty feet in width, as marked on the plats of Walnut Grove Addition and that there was never more than fifty feet dedicated to the public or used by the public in such a way or in any manner to vest adverse title in the public, or in the City of Oklahoma City as Trustee for the public and the court specifically finds in that connection that there was never more than fifty feet dedicated to the public as a part of Riverside Drive as shown by the amended plat of Walnut Grove Addition to Oklahoma City, Oklahoma.

\*     \*     \*     \*     \*

"That the lines on the plats of Walnut Grove Addition purporting to show the location of the North Canadian River may not be viewed as a monument but that all natural monuments refer to such as are on the ground, the facts herein being that no river existed at said place at the time the conveyances in this case were executed by the parties herein and that the plat to the Walnut Grove Addition, Oklahoma County, Oklahoma, does not establish the North Canadian River as the boundary of the plat but establishes rather the west line of Riverside Drive as the plat of Walnut Grove Addition, as filed and amended and

does not *e*ffect, cover, or control the exist-*a*nce or nonexist*a*nce of any tract or parcel of land existing west of Riverside Drive except insofar as respect must be given, and is given, to all the land described in the Walnut Grove Addition as platted and filed."

Sec. 6137, O.S.1931, 11 Okl.St.Ann. § 511, provides that one desiring to lay out a town or an addition or subdivision shall cause it to be surveyed and a plat thereof made, which shall set forth all of the streets, alleys, common or public grounds, and all in or out lots or fractional lots within or adjoining such tract, giving the names, width, courses, boundaries and the extent of all such streets and alleys. Sec. 6141, 11 Okl. St.Ann. § 515, provides that when such a plat has been made, certified, acknowledged and recorded, the land intended to be used for streets, alleyways, commons or other public purposes, shall be held in the corporate name of the city or town to and for the use and purpose set forth and expressed or intended in the plat. The plat of Walnut Grove Addition complied with the law. It was certified, acknowledged and recorded, as required by statute. It set out in the dedication that the streets, avenues and alleys shown on the plat were thereby dedicated to the use of the public.

Looking at the plat, it would appear that River Drive Street is bounded on the east by a solid line represented by the west boundary of the reserve tract and the west line of lots 13, 14 and 15, and on the west by lines indicating the east bank of the river. The figure "50" appears in the middle of River Drive Street both at the north and south ends of the street. This, the appellee argues, establishes the width of the street at fifty feet and leaves a tract of land between the street and the east bank of the river which he owns. Were it not for the figure "50" appearing at both ends of the street, it could not be seriously contended that the plat did not establish the east bank of the river as the west line of the street, because the statutes of Oklahoma require the dedicator to show on the plat the width, courses and boundaries of all streets and alleys, and unless the line indicating the river bank indicates the west boundary and course of the street, the dedicators failed to comply with the statute. Plaintiffs contend that the "50" written at both the top and the bottom of the street establishes the width of the street and that a line drawn fifty feet west of and parallel with the west

line of the reserve tract and lots 13, 14 and 15 establishes the west boundary of the street. The plat does not indicate this, and, as has been said, it was the duty of the dedicator to indicate on the plat the west boundary and course of the street the same as the east boundary thereof.

■ It is a well established principle of law that where in a conveyance or declaration there is a conflict between a natural object or monument and a distance, the former prevails over the latter. M'Iver's Lessee v. Walker, 9 Cranch 173, 3 L.Ed. 694; County of St. Clair v. Lovingston, 23 Wall. 46, 90 U.S. 46, 23 L.Ed. 59; Oklahoma v. Texas, 268 U.S. 252, 253, 45 S.Ct. 497, 69 L.Ed. 937; Smith v. Phillips, 9 Okl. 297, 60 P. 117.

■ The east bank of the river was somewhat more than fifty feet from the east line of River Drive Street. There was therefore a conflict between the figure "50," indicating the width of the street, and the distance to the natural monument, the river, the boundary of the street on the west. In such cases, the natural boundary controls and the indicated distance gives way. It has been held in a number of cases that where a river is indicated upon a plat to be the boundary of a street, it will control a statement in the plat that the street is to be a certain width. 44 C.J. 891, § 3611; Nicolin v. Schneiderhan, 37 Minn. 63, 33 N.W. 33.

■ The mere index of distances is not conclusive in such cases, and our problem is to seek the intent of the proprietor of the plat. That may be shown in any proper way. It may be established by the plat itself, Ingraham v. Brown, 231 Ill. 256, 83 N.E. 156; Frye v. King County, 151 Wash. 179, 275 P. 547, 62 A.L.R. 476, or in any other way. Considering the plat in its entirety and applying to it the principle of natural monuments over distances, it is our conclusion that the eastern bank of the North Canadian River as it existed in 1902 and 1903 is the western boundary of River Drive Street. By so holding, we give effect to the intent of the proprietor to comply fully with the law with respect to platting additions by not only establishing on the plat the west boundary line and course of River Drive Street, but by also indicating on the map the width thereof, which he thought was fifty feet, but which actually was slightly more.

Plaintiff places strong reliance on Anderson-Prichard Oil Corp. v. Key Okla Oil Co., 149 Okl. 262, 299 P. 850. In that case, land in lot 7 and a part of the northwest quarter of the northeast quarter of section 2, township 11 north, range 3 west, in Oklahoma County, Oklahoma, was platted into an addition called Rosedale. The east boundary line of lot 7 was the center line of the North Canadian River. The plat included all of lot 7. Lots 11 and 16 were bounded on the east by Woodlawn Avenue, a street thirty feet wide. There was a small strip of ground between the east line of Woodlawn Avenue and the center line of the river. Through mesne conveyances, W. S. Keys became the owner of these lots. In the deeds of conveyance they were described by reference to the plat. Keys gave an oil and gas lease in which he described them as lots 11 and 16. The deed contained the further statement that they contained 10.81 acres more or less. The lots as platted and within their boundaries as indicated on the plat, contained less than the denominated number of acres. The lessee claimed the ground lying to the east of the lots between the east line of the street and the center line of the river as a part of his lots, contending that only thereby could you reach the acreage set out in the deed. The Supreme Court held that where a grantor conveys by reference to a plat, he is considered as having adopted the plat as a part of the deed and that the grantee takes title in accordance with the boundaries indicated on the plat, and that therefore the grantee in the oil lease would not take the ground lying to the east of the street. The question in that case was entirely different from the question we have under consideration here.

The judgment of the court is reversed and the cause is remanded with directions to enter judgment against appellee and in favor of appellant, Phillips Petroleum Company.