LEICHTLE and wife, Appellants, vs. PERSSION and another, Respondents.

*January 15—February 10, 1931.*

*D. J. Regan* of Milwaukee, for the appellants.

For the respondents there was a brief by *Corrigan & Backus* of Milwaukee, and oral argument by *Walter D. Corrigan, Sr.*

FRITZ, J.  Defendant Perssion owns a rectangular tract of land with sixty-three feet frontage on the east side of Eleventh street, which is a north-and-south street, in the city of Milwaukee.  When originally platted, that tract was not subdivided into smaller lots, and there are no platted lot lines within its boundaries.  The evidence establishes, without conflict, that when the lease upon which this action is based was executed on January 27, 1930, the following conditions existed: On that tract, adjacent to the north boundary, is a residential building known as 268 Eleventh street, the front porch of which was nineteen feet from the street line.  Near the north boundary a private walk extended from the public sidewalk to the porch and afforded means of ingress and egress to and from the building, and an iron fence extended southward along the street line from that private walk to a private driveway.  That driveway extended eastward from the front sidewalk, parallel to and within a few feet of the south wall of the residence, to a public service garage which occupied the entire width of the rear of the tract.  The driveway was eight feet wide and constituted the means of ingress and egress to and from the garage.  Between the rear of the residential building and the garage there was a small area of vacant land which, during the two years that plaintiffs occupied the residential building under a prior lease from Perssion, had been used exclusively by the garage tenant in connection with his business.  There was a lawn, with some shrubs and a small tree, on the vacant land, to the north of the driveway between the front porch and the iron fence.  To the south of the driveway the tract extended twenty feet, and was vacant from the street line to the garage at the rear.

Commencing on March 15, 1928, the plaintiffs occupied and used the building known as 268 Eleventh street under a two-year term lease dated March 7, 1928.  That lease de-

scribed the leased premises as "Building known as 268 Eleventh street," and those words were accompanied by the provision, "This lease does not include garage, driveway to same. . . ." On January 27, 1930, the parties executed a new two-year term lease, upon which this action is based, and in which there were the following provisions:

"Witnesseth, that the said lessor does hereby lease, demise, and let unto the said lessees the *following described premises* situated in the county of Milwaukee and state of Wisconsin, to wit:

"*Building known as 268 Eleventh street,* in the Second ward of the city and county of Milwaukee, state of Wisconsin. *This lease does not include* garage, driveway to same, or *vacant lots* adjacent to building and (four pair portieres, drapes on front-room windows, rug in front room, runner on front stairs, are part of *building leased*)."

"It is mutually agreed and understood that the *premises herein leased* and every part thereof shall, during said term, be used *only* for family *residence purposes* and *rooming house.* . . ."

Shortly after that new lease was made, Perssion began to erect on the vacant land south of the driveway a filling station, and in front of it put in a crescent-shaped concrete driveway, which curved westward across the existing driveway and then curved northwesterly to and across the public sidewalk. That curved driveway cut off a somewhat triangular-shaped portion of the southwest corner of the lawn in front of the porch. The south line of that triangular piece of new driveway extended twenty feet eastward from the public sidewalk along the north line of the old driveway; and the west line of that triangular piece extended twelve feet northward from the driveway along the east line of the public sidewalk. Although the old driveway was only six feet south from the south edge of the front porch, and a projecting bay of the residence even extended up to that driveway, the nearest approach of the new triangular piece

of driveway left a vacant space of seven feet between it and the southwest corner of the front porch. The iron fence was relocated so as to extend somewhat parallel to the north-easterly or hypothenuse side of the triangular piece of drive-way. Some of the shrubs were transplanted so as to be with-in the fence, and the tree was removed. Although on com-mencing this action plaintiffs sought to enjoin the erection of the filling station as well as the triangular piece of new driveway, subsequently, on the trial and on this appeal, plaint-iffs' objection was confined to the triangular piece of drive-way.

The trial court found and concluded, in relation to the cru-cial matters in controversy: That on January 27, 1930, when the lease in suit was executed, the defendant

"contemplated the building of said filling station on said vacant lands and the building of a driveway from the street into said vacant lands in the shape of a crescent entering from the street at one side of said vacant lands and turning upon said vacant lands and going out to the street on the other side of said vacant lands. To build said driveway so as to give it proper curve and shape for public and convenient use and for the convenient use by the public, required that it be made and constructed as is shown by the conclusive evi-dence, and being so made and constructed it traversed and covered a small section of said vacant lands immediately in front of the southwest corner of said building, 268 Eleventh street. The exception stated in said new lease, 'vacant lots adjacent to building,' was stated in said lease for the ex-press purpose of excepting all of the vacant land adjacent and adjoining to said building from the terms of said lease, excepting the right of the plaintiffs to ingress and egress to and from said building through the gateway provided there-tofore and the walk provided theretofore to the front porch of said building, and said exception was stated for the ex-press purpose of affording the defendant the clear right to occupy and build upon said adjacent and adjoining vacant lands the said filling station and the said driveway leading thereto as actually finally constructed.

"The construction of the curved driveway does not interfere with the enjoyment and use of the building leased for the purposes for which it was let, to wit, for the purpose of conducting therein a rooming house.

"None of the said land occupied by said filling station or the said curved driveway was or is necessary to the complete enjoyment of the building, 268 Eleventh street, for the purposes for which it was let.

"The reasonable construction of the said instrument, Exhibit 2, is that the parties intended the term 'vacant lots' used therein to mean vacant lands or vacant land, and used the word 'adjacent' in respect to said lands as adjoining lands and meant to exclude from the terms and operation of said lease all of the lands adjoining said building, excepting the right of ingress and egress thereto over the usual way."

The court dismissed the complaint upon the merits.

The evidence warrants the court's findings. As the lessor's tract was not comprised of several "lots" or parts of "lots," which were "lots" by reason of platted lines subdividing his tract, which were established when the area in which his tract is located was platted and subdivided, there is no basis for assuming that the word "lots" as used in the lease was used in the technical sense to designate a unit of land which is part of an area which has been platted and subdivided into blocks and lots. Under the circumstances, the reasonable construction is that the word "lots" was used as meaning "simply a piece, parcel, or tract of land without regard to size" (*Edwards v. Derrickson,* 28 N. J. L. 39, 45); "any portion, piece, or division of land, and is not limited to parcels of land laid out in blocks and lots regularly numbered and platted" (*Westbrook v. Rhodes,* 92 Okla. 149, 218 Pac. 873, 874). As applied to Perssion's tract of land, the words "vacant lots" in the exception clause of the lease mean "vacant land."

On the other hand, the leased premises as described in the words of the lease, viz. that lessor leases "the following de-

scribed *premises* . . . to wit: *Building* known as 268 Eleventh street;" "that the *premises* herein leased and every part thereof shall . . . be used only for family residence purposes and rooming house," do not include or extend to anything beyond the residential building at number 268 Eleventh street, itself, and the use of so much adjacent land as is reasonably necessary for ingress and egress in using that building as a residence or rooming house. Applying the rule of construction *Expressio unius est exclusio alterius* to the words of this lease, under the circumstances of this case, warrants the conclusion that the leased premises include only that which is described, viz. the "Building known as 268 Eleventh street," and nothing more, excepting such right of ingress and egress as is reasonably necessary for the purposes for which the leased building was expressly covenanted to be used.

"The general rule is that a description of premises in a lease of a building by the street number includes so much of the lot upon which the building is situated as is necessary to the complete enjoyment of the building for the purpose for which it was let, and nothing more." 24 Cyc. p. 1044.

As far as its express terms are concerned, the lease in suit was merely a lease of that "building known as 268 Eleventh street," and did not even provide that the parties leased that building "with appurtenances," as is quite customary. The parties not only omitted those customary words, but they provided expressly that the leased premises do not include vacant lots (thereby meaning land) adjacent to the building. And the evidence established that even under the prior lease, which had no provision excepting such adjacent vacant lots from the premises leased, the lessees never objected to the exclusive use of the vacant land to the rear of the leased building by the tenant of the garage.

As the filling station and the new driveway do not interfere with plaintiffs' use and enjoyment of the leased building

as a residence and rooming house, including plaintiffs' right to ingress and egress, the plaintiffs were not entitled to enjoin defendants' use of the adjacent vacant land. We find no prejudicial error in the court's rulings in relation to the admission of evidence.

*By the Court.*—Judgment affirmed.